COMMONWEALTH *vs.* PETER HARRINGTON.

Bristol.   Oct. 26. — Nov. 8, 1880.   AMES & ENDICOTT, JJ., absent.

The clause of the St. of 1880, c. 221, § 2, providing that it shall not be necessary, in complaints under it for drunkenness, to allege the two previous convictions of a like offence within the next preceding twelve months, upon which the extent of the punishment depends, is in conflict with the twelfth article of the Declaration of Rights, and void.

SOULE, J.   The only question in this case is whether a male person who is convicted on a complaint for drunkenness, which does not allege two previous convictions of a like offence within a year, can be sentenced to any greater penalty than the payment of a fine of one dollar, which is the penalty imposed by the St. of 1880, c. 221, § 1.

It is contended, in behalf of the Commonwealth, that the greater penalty can be imposed by virtue of § 2 of the same statute, which provides that, when such person "is convicted of the offence of drunkenness, and it is proved that he has been convicted of a like offence twice before within the next preceding twelve months, he may be punished by a fine not exceeding ten dollars, or by imprisonment in any place now provided by law for common drunkards, for a term not exceeding one year;" and provides further that "it shall not be necessary in complaints under the act to allege such previous convictions."

The language of this section is broad enough to cover the case at bar, and the rulings of the judge who presided in the Superior Court when the motion for sentence was made and the evidence of the previous convictions of the defendant was produced, were in strict conformity to it.

We are of opinion, however, that the ruling was erroneous, and that the evidence ought not to have been received. It is provided by art. 12 of the Declaration of Rights that no subject shall be held to answer for any crimes or offence until the same is fully and plainly, substantially and formally, described to him. When a statute imposes a higher penalty on a third conviction, it makes the former convictions a part of the description and character of the offence intended to be punished. *Tuttle* v. *Commonwealth*, 2 Gray, 505. *Commonwealth* v. *Holley*, 3 Gray, 458. *Garvey* v. *Commonwealth*, 8 Gray, 382. It follows that the offence which is punishable with the higher penalty is not fully and substantially described to the defendant, if the complaint fails to set forth the former convictions which are essential features of it. That clause of the statute, therefore, which provides that it shall not be necessary, in complaints under it, to allege such previous convictions, is inoperative and void, as being contrary to the provisions of the Declaration of Rights.

The result is, that the defendant is to be sentenced for a single offence of drunkenness.*

*J. H. Galligan*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.