THE STATE OF IOWA, Appellee, v. CHARLES ZIMMERMAN, Appellant.

Indictment: LIQUOR NUISANCE: SECOND CONVICTION: PLEADING. Where an indictment for the crime of nuisance, as defined in section 1543 of the Code, further charged that the defendant "was, on the twenty-sixth day of September, 1888, convicted of the crime of nuisance, in the district court of Marshall county, Iowa," *held*, that the indictment sufficiently alleged a former conviction of the same kind of nuisance as that for which he was then indicted; and that, by his plea of guilty, the defendant not only confessed himself as guilty of keeping a nuisance, as charged, but that he had formerly been convicted of keeping the same kind of nuisance, and warranted his commitment to the county jail, as provided by section 9, chapter 66, of the Acts of the Twenty-first General Assembly.

*Appeal from Marshall District Court.*—HON. J. L. STEVENS, Judge.

FRIDAY, MAY 29, 1891.

THIS is an appeal by Charles Zimmerman from an order of Hon. D. R. HINDMAN, judge of the eleventh judicial district, in a proceeding on *habeas corpus*, remanding the appellant to custody.—*Affirmed*.

*J. M. Parker*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GIVEN, J.—April 16, 1889, the appellant was charged by indictment, in the usual form, with the crime of nuisance, as defined in section 1543 of the Code. The indictment contains the additional charge that he "was, on the twenty-sixth day of September, 1888, convicted of the crime of nuisance, in the district court of Marshall county, Iowa." On April 18, 1889, the appellant pleaded guilty to this indictment, and was

adjudged by the court to be confined in the jail of Marshall county, Iowa, for the period of five months. A warrant of commitment was issued on this judgment to the sheriff, and on the eighteenth day of April, 1889, he took the appellant into custody, and detained him in the jail of the county. The appellant petitioned Hon. D. R. HINDMAN, judge, for a writ of *habeas corpus*, alleging that his detention was illegal, because the district court had no authority to enter the judgment that it did against him, for the reason that the indictment did not charge a former conviction "of keeping a nuisance under the laws prohibiting the illegal sale of intoxicating liquors," and because the former case was then pending in this court on appeal. The writ was granted, and upon full hearing the appellant was remanded into custody of the sheriff, to be detained and kept as provided by the judgment and warrant of commitment, from which order this appeal is taken.

Section 3483 of the Code, under title "Of *habeas corpus*," is as follows: "But it is not permissible to question the correctness of the action of the grand jury in finding a bill of indictment, or of the trial jury in trial of a cause, nor of a court or judge when acting within their legitimate province and in a lawful manner." Our inquiry is whether the district court acted within its legitimate province, and in a lawful manner, in entering the judgment that it did against the appellant.

It is not questioned but that the judgment was authorized if the appellant was amenable to the penalties prescribed in section 9, chapter 66, of the Acts of the Twenty-first General Assembly, which provides a penalty of imprisonment in the county jail of not less than three months nor more than one year upon a second conviction "of keeping a nuisance under the laws prohibiting the illegal sale of intoxicating liquors." The appellant's contention is that the former convic-

tion must be charged in the indictment, and that the charge in this indictment is too indefinite and uncertain, for that it alleges a former conviction of nuisance, but not of the kind of nuisance defined in said section 9. *Commonwealth v. Harrington*, 130 Mass. 35, is cited in support of the claim that the former conviction must be charged. We do not determine this question, as we are of the opinion that the indictment, construed by the rules of our statute, does charge a former conviction of keeping a nuisance under the law prohibiting the illegal sale of intoxicating liquors with sufficient particularity. By his plea the appellant confessed himself not only guilty of the charge of keeping a nuisance as charged, but that he had formerly been convicted of keeping the same kind of a nuisance. It was upon this confession of guilt that the judgment was pronounced. There was no denial of the charge of former conviction, and no showing that it had been appealed from, but, on the contrary, it was confessed. The court was clearly acting within its legitimate province, and in a lawful manner, in pronouncing the judgment it did. The detention of the appellant under this judgment, and the warrant issued thereon, was not illegal. The order remanding him to custody is, therefore, AFFIRMED.