Tom Ellis *v.* State.

*(Nashville,* December Term, 1929.)

Opinion filed April 5, 1930.

Thos. H. Peebles, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The plaintiff in error was made defendant to a presentment containing four counts. The first and second counts charged the unlawful reception and possession of intoxicating liquor. The third and fourth counts charged the transportation of whisky, the quantity or amount transported not being charged or disclosed.

The plaintiff in error contended below, as well as here, that the third and fourth counts charged him with a felony, and that the Criminal Court of Maury County was without jurisdiction to try and render judgment upon the case.

We cannot sustain this contention. It is made a felony by statute to transport intoxicating liquor "in the quantity of one gallon or more." Acts 1923, chapter 2. We think it essential to charge this offense that the in-

dictment contain an averment that the intoxicating liquor transported was in quantity one gallon or more. The accused is entitled to know whether he is being charged with the misdemeanor of transporting less than one gallon or with a felony. "Prosecutions cannot be sustained by intendment, but everything necessary to constitute the offense must be averred." *Jones* v. *State,* 84 Tenn., 466; *State* v. *Willis,* 130 Tenn., 412, 420-421, and cases there cited.

An indictment charging the transportation of intoxicating liquor without more is sufficient to charge the transportation of some quantity, and therefore charges the commission of a misdemeanor, but cannot be held to charge the transportation of one gallon or more, so as to amount to the felony. The trial court, therefore, had jurisdiction of each count of the presentment in the present case.

We do not express an opinion as to whether the Criminal Court of Maury County has jurisdiction to try an indictment charging the felonious transportation of whisky, under its statutory power to try cases "up to and including the grade of petit larceny." Shannon's Code, section 219a35. Since we have held that the presentment in this case did not charge a felony, an expression of opinion on that point would be *dictum.*

The plaintiff in error was convicted only under the first and second counts of the presentment, which charge the unlawful reception and possession of whisky. He assigns as error that the evidence preponderates against the verdict, and there is no evidence to sustain the verdict.

No evidence was offered by the plaintiff in error, and the inquiry under his assignments of error is whether the evidence of the State was sufficient to authorize the

inference made by the jury that he was in the possession of and concealed two kegs of whisky.

██ The facts are that on a Sunday afternoon in November, 1929, the sheriff of Maury County, riding in an automobile with two city policemen, observed and followed the plaintiff in error, who was driving an automobile belonging to one Andrew Murphy. Murphy resided about a mile from Columbia, on the Sante Fe Road. The plaintiff in error drove to the Murphy place, and was last seen driving the automobile through the yard, by the side of the residence, and toward the rear of the premises. Later in the afternoon the sheriff was notified by A. L. Haston, who resided on an adjoining farm, that two kegs of whisky were in a thicket, not far from the fence which divided the premises from those of Murphy. Haston testified that he discovered the whisky in the thicket after he had seen a man about fifty feet from the thicket, walking from it, which caused him to investigate. He was unable to say whether this man went to the Murphy place or passed through an orchard to the public road. He described the man as wearing a grey coat and khaki breeches. The kegs of whisky had the appearance of having been recently rolled over wet grass and through a wet barnyard. The plaintiff in error was arrested during the afternoon at Murphy's house, and was then wearing a light coat, khaki breeches and leggings. Murphy was in bed, apparently ill, and his son was not dressed in khaki. There is no evidence that there was any other man on the premises.

The court is of the opinion that the evidence outlined made out a *prima facie* case of guilt against the plaintiff in error. It was a reasonable inference that the whisky discovered by Haston came from the adjoining premises;

and, in the absence of evidence to the contrary, we think the jury were justified in finding that the plaintiff in error was the man observed by Haston. If so, he was thus brought close enough to the whisky to sustain an inference that he had placed it there.

The judgment of the trial court is accordingly affirmed.