WALLACE TIPTON *v.* THE STATE.

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

W. M. MILES, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, Wallace Tipton, was indicted in the Circuit Court of Obion County, for selling whisky within four miles of a schoolhouse, in violation of Acts 1909, chapter 1. The indictment charged only a single sale of whisky.

When the plaintiff in error was arraigned, the attorney-general gave notice that the State would offer in evidence the record of a previous conviction of the plaintiff in error for a violation of the same statute, and would thus seek his conviction for a felony, as a "persistent violator," under the Public Acts of 1917, chapter 5.

The trial jury was then impaneled, selected and safeguarded as in cases of felony, and returned a verdict of guilt, fixing the punishment of the plaintiff in error at confinement in the penitentiary for a maximum term of two years. Judgment was rendered accordingly, from which this appeal was granted.

When the record of the previous conviction was offered in evidence, the plaintiff in error admitted its verity, but not its competency. The trial judge instructed the jury that if they should find the plaintiff in error guilty in the present case, they should fix his punishment as provided in the Act of 1917, as for a felony.

It is provided by statute that in all felony cases, to which the indeterminate sentence law of 1913 (chapter 8) applies, the jury shall fix the maximum term of imprisonment. Acts 1923, chapter 52. At the date the Act of 1917 was passed, the jury had no concern with the punishment to be imposed upon a verdict of guilt in such cases, which was fixed only in the judgment rendered upon the verdict. When the case at bar was tried, however, the Act of 1923 made it necessary that the Act of 1917 be given in charge, in order that the jury might assess the proper punishment.

The record before us leaves no doubt of the guilt of the plaintiff in error, and previous decisions of this court clearly demonstrate the lack of merit of all assignments of error, save those hereinbelow discussed.

█ Chapter 5 of the Public Acts of 1917 is as follows:

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That any person or persons, who having been once indicted or presented and duly convicted of the violation of the law against selling or tippling liquors, as a beverage, within four miles of a schoolhouse, where a school is kept in this State, and who shall, thereafter, directly or indirectly violate the provisions of such law, shall be considered a persistent violator thereof, and shall be deemed guilty of a felony and upon conviction, shall be imprisoned in the State

penitentiary not less than one year and one day nor more than two years.

"SEC. 2. *Be it further enacted,* That it shall not be necessary for the second or subsequent indictment or presentment to allege or charge a former indictment or presentment and conviction thereon for such violation. The original indictment or presentment and record of conviction, or certified copies of the same from any Circuit or Criminal Court within the State, shall be prima-facie evidence of a former indictment or presentment and conviction thereon upon the trial for any second or subsequent violation of said law."

It is first urged for the plaintiff in error that this statute is expressly amendatory of the Acts of 1909, chapter 1, and that it does not sufficiently recite the title or substance of the law amended, as required by the Constitution, article 2, section 17. If the statute is expressly amendatory of the earlier law, we think the substance of the law amended is sufficiently stated. "The subject of a law may be stated without referring to any particular act." *Minter* v. *State,* 145 Tenn., 678, 682.

The more serious contention of the plaintiff in error is that he was tried and convicted for a felony upon an indictment which charged him only with a misdemeanor, and that, given this application and effect, the statute of 1917 is unconstitutional and void, as in conflict with the Constitution of Tennessee, article 1, sections 9 and 14.

By article 1, section 9, of the Constitution it is provided that "in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof."

Article 1, section 14, provides: "That no person shall be put to answer any criminal charge but by presentment, indictment or impeachment."

These constitutional guaranties of the Constitution of 1870 are phrased in substantially the same language in the Constitutions of 1834 and 1796.

The constitutional requirements as to the substance of an indictment or presentment are, therefore, only that it state "the nature and cause of the accusation."

■ It was held at an early date that it is "left to the Legislature to prescribe what shall constitute the 'accusation'—in what form the crime shall be charged." *Sizemore* v. *State*, 40 Tenn. (3 Head), 26; *State* v. *Stephens*, 127 Tenn., 282.

When not otherwise provided by statute, "the indictment must charge the crime with certainty and precision, and must contain a complete description of such facts and circumstances as will constitute the crime." *Pearce* v. *State*, 33 Tenn. (1 Sneed), 63, 67. And the facts must be stated with such certainty that "the Court may know what judgment is to be pronounced upon conviction." *Hall* v. *State*, 43 Tenn. (3 Cold.), 125, 128.

■ Notwithstanding these stringent rules of the common law with reference to the content of an indictment, this court, in *Sizemore* v. *State, supra,* sustained an indictment for possessing counterfeit coins, which did not charge that the possession was with the intent to pass them, an essential element of the offense charged. This ruling was grounded upon a statute which expressly provided that such averment was unnecessary, although required to be proved. Holding that the statute "certainly cures this indictment," the court, through Judge CARU-THERS, said: "There is no argument against a plain stat-

ute. It puts an end to reasoning, and stops investigation. Unless, indeed, it be in conflict with the Constitution, and then, of course, it is a nullity.'' The court then held the statute constitutional, as above shown, because the Constitution has left it to the legislature to prescribe ''what shall constitute the 'accusation'—in what form the crime shall be charged.''

So, under the rules of the common law, an indictment must aver the commission of the offense within the jurisdiction of the court, the venue, but when the legislature prescribed by statute that this averment should no longer be necessary, the statute was held constitutional. *State* v. *Quartemus,* 50 Tenn. (3 Heisk.), 65; Code of 1858, section 5125; Shannon's Code, section 7088.

The effect of the statutes considered in the cases cited is that in every indictment for possessing counterfeit coins, the essential element of the accusation that the possession was with fraudulent intent is constructively present by operation of law; and that in every indictment or presentment, the averment of venue is included by operation of law.

So in the case before us, the indictment was properly read and construed by the trial judge as including the provision of the general law, that if the proof should show the plaintiff in error to have been previously convicted of violating the same statute, the punishment upon conviction of the offense charged should be confinement in the penitentiary, as for a felony, instead of a fine and jail sentence, as for a first offense.

Does the statute, as thus construed and applied by the trial judge, deprive the plaintiff in error of his constitutional right to be charged with crime only by an in-

dictment or presentment containing the nature and cause of the accusation against him?

▉ Except for the provision of the statute that it shall not be necessary for a second or subsequent indictment to allege or charge the former conviction, we would be compelled to hold the indictment before us insufficient and defective. It is so ruled in a lengthy list of cases collected and cited in the note in 58 A. L. R., at page 64. Such an averment would clearly be required by the general rule of pleading, noted above, that the offense charged must be stated with sufficient certainty "to enable the court to pronounce judgment upon a conviction, according to the right of the case." See Shannon's Code (all editions), section 7080. The clear import of the statute of 1917 is, however, that an indictment drawn pursuant to its provisions shall constitute an exception to the general rule.

▉ Legislative provisions for an increased and heavier punishment for a second or repeated violation of law are not new nor the result of modern conceptions. Neither is it a new development of the criminal law to authorize the imposition of the increased punishment on a second conviction, without an averment of the first or former conviction in the accusation. "Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796 and in Massachusetts in 1804; and there have been numerous acts of similar import in many states." *Graham* v. *West Virginia*, 224 U. S. 616, 623; 56 L. Ed., 917. 921.

A Massachusetts statute of 1817 authorized the imposition of an additional or increased punishment, upon a second conviction for felony, even though the fact of the first or prior conviction was not discovered until

after the subsequent conviction and the rendition of judgment thereon. Proceedings by information were authorized to be instituted by the prosecuting attorney, without further action by grand jury, and upon judicial determination of the fact of the former conviction, the punishment imposed by the last judgment was increased to the degree provided for a second or repeated offense.

The principle underlying and the object of such statute was simply stated by SHAW, C. J., in *Plumbly* v. *Commonwealth,* 2 Metc. (Mass.), 415: "It has been adjudged, (*Ross's* Case, 2 Pickering, 165) that this law is not obnoxious to the objection, at first strongly urged, that it imposes a second punishment for the same offense. The true view of it, we think, is, that it imposes a higher punishment for the same offense upon one who proves, by a second or third conviction, that the former punishment has been inefficacious in doing the work of reform for which it was designed."

In *Ross's Case,* 2 Pickering, 165 (A. D. 1824), the Supreme Judicial Court of Massachusetts overruled a contention that the proceeding for increased punishment by information was contrary to the declaration of rights of the State Constitution, which permitted prosecution by information only for petty misdemeanor not rendering the offender infamous. The court, by PARKER, C. J., said:

" . . . There was no need of a presentment by a grand jury, for no offense was to be inquired into. That had been already done. An indictment is confined to the question whether an offense has been committed. Here the question was simply whether the party had been convicted of an offense.

"It is said, that at common law both offenses should be stated in the same count. The question upon this is,

whether the legislature had not a right to prescribe a different mode; and we think they had."

Ross's case was quoted and followed by the Supreme Court of the United States, in *Graham* v. *West Virginia*, 224 U. S., 616, 56 L. Ed., 917, sustaining the constitutionality of a similar statute of West Virginia. The Supreme Court in that case, through Justice HUGHES, now Chief Justice, said:

" . . . Although the state may properly provide for the allegation of the former conviction in the indictment, for a finding by the jury on this point in connection with its verdict as to guilt, and thereupon for the imposition of the full sentence prescribed, there is no constitutional mandate which requires the state to adopt this course even where the former conviction is known. It may be convenient practice, but it is not obligatory. This conclusion necessarily follows from the distinct nature of the issue and from the fact, so frequently stated, that it does not relate to the commission of the offense, but goes to the punishment only, and therefore it may be subsequently decided."

The Supreme Court of West Virginia, in the same case of *State* v. *Graham*, 68 W. Va., 248, 69 S. E., 1010, 40 L. R. A. (N. S.), 924, characterized the statute, authorizing proceedings for an increase of punishment after conviction and judgment, thus:

"Our law does not make it an offense or crime for one to have been convicted more than once. Former conviction is not an integral part of the second or new offense. The law simply enjoins longer sentence because of former conviction. It does not prosecute and punish for the former conviction. It cannot do that. It adds punishment for the crime as to which one is lastly convicted, because

of the class to which he belongs. *Moore* v. *Missouri*, 158 U. S., 673, 40 L. Ed., 301, 16 Sup. Ct. Rep., 179, and the cases cited therein. The sentence is an incident to the last offense alone. But for that offense it would not be imposed. So proceedings made under this statute cannot be said to constitute a holding to answer for crime, or a placing in jeopardy for an offense. They are merely ancillary proceedings for the rightful sentence which the law mandatorily enjoins upon those already held or jeopardized."

The so-called Baumes Laws of the State of New York embody the principles of the statutes of Massachusetts and West Virginia, involved in the cases above cited. The constitutionality of that legislation was attacked mainly on the ground that increased punishment is authorized because of prior convictions, by a procedure which does not require an averment of such prior conviction in the indictment for the offense for which the punishment is to be inflicted. Overruling this objection, the Court of Appeals of New York, in *People* v. *Gowasky*, 244 N. Y., 451, 155 N. E., 737, 58 A. L. R., 9, said: "Prior convictions logically and in fact have little or nothing to do with proof of the defendant's guilt of a new crime. A man is not guilty of breaking the law merely because he has broken it before; but, when the proof shows him to be guilty, then his past acts have much to do with the way he should be treated."

In *State* v. *Smith*, 8 Richardson Law Reports (South Carolina), 460, decided in 1832, the plaintiff in error was convicted of horse stealing, under a statute which punished a first offense with whipping, and a second with death. Arrest of judgment was sought, upon conviction, because the indictment failed to aver whether the accused

was charged with a first or second offense. Holding such averment unnecessary, the South Carolina Court held that it would be useless to aver in an indictment a fact which was ascertained of record and which the accused was incapable of contradicting. Said the court: ''If there be two convictions, then the punishment for the second offense follows, and for this purpose it is certainly immaterial whether the first conviction is or is not recited in the record of the second.'' To the same effect is *State* v. *Allen,* 8 Rich. L. R., 448.

This holding is to some extent in conflict with the present weight of authority, as referred to hereinabove, since it is now generally held that the accused is entitled to offer evidence denying his identity with the person named in the record of the first conviction; and when such evidence is offered, an issue of fact is created, as recognized by section 2 of the statute under consideration, which provides that the record of former conviction is only *''prima-facie''* evidence of the fact when offered on the trial for a second or subsequent violation. The accused is entitled to a jury verdict on such an issue, when his identity with the person formerly convicted is controverted.

*State* v. *Smith, supra,* was, however, followed by the Supreme Court of South Carolina in *State* v. *Parris,* 89 S. C., 140, 71 S. E., 808, and in *State* v. *Kelly,* 89 S. C., 303, 71 S. E., 989, decided in 1911. The South Carolina Court is thus clearly in line with those courts which hold that the fact of a former conviction, authorizing an increased punishment, is not an element or integral part of the accusation of a second offense.

In *State* v. *Freeman,* 27 Vermont, 522, decided in 1855, the Supreme Court of Vermont sustained the constitu-

tionality of a similar statute, authorizing increased punishment on proof of prior convictions without the necesity of pleading them. The case is not authority on the constitutional question here involved, since the statute applied only to minor offenses which the court held were not included in the constitutional declaration of rights in that state, the increased punishment being insufficient to change the grade of the offense charged. However, in sustaining the statute, the Vermont Court said:

"We must then, let these former convictions come in, 'upon proof,' and 'without averment of them,' as the statute in terms provides, in express reference to indictments and informations. And in doing so, we do not perceive any liability to injustice or oppression. The former conviction being matter of record, is chiefly matter for the consideration of the court. And if any question *bona fide* arises, in regard to the identity of the person; the county court, or this court might order an issue upon the point, to be submitted to a jury, in the proper tribunal. There seems to us, then, no difficulty upon this point."

Contrary holdings are found in *Commonwealth* v. *Harrington* (1880), 130 Mass., 35, and in *Goeller* v. *State,* 119 Maryland, 61, Ann. Cas. 1914C, 562. The opinion in *Commonwealth* v. *Harrington* does not refer to nor expressly overrule *Ross's Case, supra,* and the cases cited therein were based upon statutes requiring that the fact of former conviction be pleaded. The basis of the holding of the court is the statement that the former conviction forms "a part of the description and character of the offense intended to be punished." With this statement we do not agree. The issue as to a prior conviction is entirely distinct from the issue of whether the

accused is guilty of the acts constituting the second violation charged in the indictment, as demonstrated in the authorities above cited.

*Goeller* v. *State, supra,* cited and followed *Commonwealth* v. *Harrington,* and recognized other constitutional difficulties in administering the Maryland statute, which would not be present here.

It is our conclusion that in a prosecution for a second or subsequent offense, the fact of a prior conviction, proof of which will authorize the imposition of an increased punishment, does not constitute an element of the offense charged, and that a statement of the fact is not essential to a statement of the "nature and cause of the accusation." This, we think, is clearly supported by the authorities hereinabove cited and quoted. It follows that the legislature did not violate the constitutional provisions cited, in authorizing the omission of the fact from an indictment or presentment to which the Act of 1917 applies.

The statute clearly contemplates that the fact of a prior conviction shall be established by proof offered on the trial of the accused, as a condition precedent to the imposition of the increased punishment provided. This is apparent from the direction, in section 2, that the record of a former conviction shall be *prima-facie* evidence of a former conviction "upon the trial for any second or subsequent violation of said law." An issue of fact as to the verity of such record, or as to the identity of the accused with the person named in such record, is clearly authorized by this provision of the statute.

The defendant in an indictment charging a violation of chapter 1 of the Acts of 1909 is not dependent upon a statement of the attorney-general, such as was

made in the case at bar, for notice that evidence of a former conviction may be offered on the trial as a basis for punishment under the Act of 1917. Such a notice by the attorney-general is proper and expedient, in order that the trial judge may require that the trial be conducted in the manner and with the additional safeguards provided by law for trials in felony cases. This will necessarily be required in every case in which a conviction of the accused as a "persistent violator" is to be sought. But the statute itself is notice to the accused and his counsel that proof of a former conviction will be competent, and that he may be required to meet evidence of the fact; and such notice is as effective as a statement of the fact of a former conviction in the indictment itself.

Only one other case in which the Act of 1917 was applied has come to this court. *Millard Gunter* v. *State,* Fentress County, December term, 1929, Memorandum Opinion. In that case the trial was held as for a misdemeanor, and the jury fixed the punishment at a fine of $100. Judgment was, however, rendered as for a felony, imposing the minimum punishment authorized by the Act of 1917, contrary to the provisions of the Acts of 1923, chapter 52, requiring the jury to fix a maximum term. The attorney-general conceded a reversal, and it was so adjudged without a thorough consideration of the Act of 1917 and its proper effect.

*Ellis* v. *State,* 160 Tenn., 530, 26 S. W. (2d), 151, is not in conflict with the conclusions herein reached. In a prosecution for transporting whisky, the grade of the offense is affected by the quantity transported, and the quantity is therefore an element of the offense charged. Moreover, the statute does not prescribe the form of indictment in such cases.

The judgment of the circuit court in this case should have recited that the imprisonment was imposed upon the plaintiff in error as a "persistent violator," and the judgment to be entered here will so provide. Judgments at law may be so corrected on appeal in error. *Cowan* v. *State*, 117 Tenn., 247. As thus modified, the judgment is affirmed.