ROY LEE MORELOCK, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 454 S.W.2d 189.

Court of Criminal Appeals of Tennessee. Feb. 5, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Thomas McKinney, Jr., Kingsport, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Edgar P. Calhoun, Asst. Dist. Atty. Gen., Blountville, for defendant in error.

## OPINION

DWYER, Judge.

A jury in the Criminal Court of Sullivan County returned a verdict finding Roy Lee Morelock guilty of being an habitual criminal with punishment fixed at imprisonment for life in the State Penitentiary. Through court-appointed counsel defendant does not request a reversal in this matter. His insistence is that this court modify the judgment entered by vacating the finding of the jury that Morelock is an habitual criminal and enter a judgment on the burglary in the third degree verdict with resulting sentence of confinement for seven years. In support of this insistence he assigns error which may be summarized thusly: (1) There is no evidence to support the verdict; (2) the verdict is contrary to the law and the evidence; (3) the weight of the evidence preponderates against defendant's guilt and in favor of his innocence; (4) it was error for the court, after hearing evidence on count one of the indictment and the jury returning a verdict of guilty, not to render judgment upon

the verdict; (5) it was error for the court to "retry" the matter and to allow the jury to increase the punishment as this would, at best, subject the defendant to double jeopardy, in violation of the United States Constitution and the Constitution of the State; (6) the court erred in denying defendant's motion to dismiss the second count in the indictment in that the second count did not set forth a separate offense which would stand alone; and, that the second count could not be considered because the jury had found defendant guilty of burglary in the third degree in the first count and was therefore estopped by this finding to retry defendant on count one and ask for the enhanced punishment of life imprisonment; (7) four of the prior convictions alleged in the second count of the indictment were imposed on September 16, 1957 and therefore constitute but one offense because they all occurred on the same day and place; that it was error for the court to fail to charge the jury this to be the law; and (8) the court erred in failing to inquire of the jury whether they found defendant guilty of both the felony charged and an habitual criminal or merely of the felony charged in the indictment.

Roy Lee Morelock was apprehended inside the business house of McDonald's Drive-In, a restaurant, located in the City of Kingsport. The arrest was effected by officers of the Kingsport Police Department in the early morning hours of May 24, 1968. The record reveals without contradiction that the business house had been burglarized and defendant found therein. The defendant offered no defense to the charge of burglary in the third degree. A review of the evidence adduced in the trial reveals to this court a sufficincy of the evidence present in the record to sustain the verdict. We find that the verdict

is not contrary to the law and the evidence does not preponderate against his guilt and in favor of his innocence. It therefore follows that the first three assignments of error are overruled.

The indictment returned by the grand jury of Sullivan County embraced two counts. The first count charged the defendant with committing the burglary as afore outlined. The second count charged the defendant Morelock had become an habitual criminal, since he had been convicted of felonious crimes at different times and on separate occasions.

These crimes were then enumerated in this count showing six prior felony convictions. Four of the felony convictions outlined were imposed on the same date, September 16, 1957 in the Criminal Court of Greene County, Tennessee, at Greeneville, Tennessee. The convictions complained of were: (1) burglary in the third degree and grand larceny; (2) burglary in the third degree and grand larceny; (3) felonious assault; and (4) felonious assault, each sentence and judgment to run consecutively. These convictions outlined are the basis of one of defendant's assignments of error and will be dealt with. A jury was empaneled and sworn on the first count, charging Morelock with committing the burglary of the McDonald Drive-In restaurant. The jury returned a verdict of guilty of burglary in the third degree and fixed his punishment at confinement for not more than seven years. The court did not sentence the defendant upon the verdict as returned. The defendant objected, saying that the jury having found defendant guilty and fixing his punishment, it would be error to have the jury then deliberate on the second count of the indictment.

The court overruled defendant's objection. The jury then was sworn to try the issue of whether because of this conviction and others alleged in the second count of the indictment the defendant did then become an habitual criminal. The attorney general offered proof showing the felony convictions of the defendant as alleged in the second count of the indictment. The defendant did not testify and offered no proof. The jury found the defendant to be an habitual criminal and fixed his punishment at confinement for life.

■ Assignments of error number four and five as we have outlined, in which defendant complains that the trial court should have rendered judgment when the jury found defendant guilty of burglary in the third degree and that it was double jeopardy for the court to "retry" defendant on the habitual criminal count, are weighed and found to be wanting in merit. In Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713, at page 717, cited by both the defendant and the attorney general, the following language is to be found:

> "As to the method to which this matter was tried, that is, separating the burglary charge and the habitual criminal charge before the same jury, 25 Am.Jur., page 270, Sec. 23, has this to say:
>
>> 'After the jury return a verdict of guilty on the first part, the second part of the indictment may be read to them without reswearing them, and they may be charged to inquire on that issue.'
>
> "That is exactly what was done here and as we have heretofore said we think it was a fair way to try the accused. [Beeler v. State] 206 Tenn. [160] 166, 332 S.W.2d [203] 206."

The only difference to be found in this record is that the court swore the jury again to try the habitual criminal count, which was proper. The habitual criminal count is not an independent crime, but a status; therefore, double jeopardy is not involved. The assignments of error are overruled.

██ The sixth assignment of error is found to be wanting in merit also. The defendant in this record was tried in accordance with the rule of procedure in cases of this type enunciated in Beeler v. State, 206 Tenn. 160, 332 S.W.2d 203 and reiterated in Harrison v. State, *supra*. In the latter case the following language may be found 394 S.W.2d at page 714:

> "Habitual criminal statutes do not create an independent crime but define a status prescribing circumstances under which there is an enhanced penalty for the present crime. To be more specific it is first necessary that the jury determine guilt of present crime (count one in the case at bar) before determining guilt or innocence of the habitual criminal count (count two in the case at bar) which finding, if guilty, enhances the punishment of the present crime. If the jury finds not guilty of the present crime then the habitual criminal count is not at issue. Tipton v. State, 160 Tenn. 664, 28 S.W.2d 635 (1930); McCummings v. State, 175 Tenn. 309, 134 S.W.2d 151 (1939); State ex rel. Grandstaff v. Gore, 182 Tenn. 94, 184 S.W.2d 366 (1945); Ex Parte Bailey, 60 Okl.Cr. 278, 64 P.2d 278 (1936); People v. Lamphear, 6 Ill.2d 346, 128 N.E.2d 892 (1955)."

The jury, in this record, found defendant guilty of burglary in the third degree as charged in the first count of

the indictment. Then, in accordance with settled law on the determinative question of habituality, the question was resolved adversely to the defendant. It was their duty to enhance the punishment to be given the defendant in accordance with law, which they did. The assignment of error is overruled.

The seventh assignment of error complains of the convictions being had on the same date and day, therefore being one conviction. We have examined the record in this and find that the court charged the jury that three of the convictions complained of (that is, the burglary in the third degree in which the two felonious assaults occurred) should only be considered by the jury as one offense. The attorney general agreed to this action taken by the court. We find from our review of the charge as given to be a full and fair review of the law applicable to the issues. We further find that there were three prior felony convictions plus the one returned on the first count of the indictment. We find no prejudicial error in the charge as given in this record. The assignment of error is accordingly overruled.

The last assignment of error complains of the court's failure to inquire as to whether the jury found the defendant guilty of the felony charged and as an habitual criminal or merely of the felony charged in the indictment. We find from a fair and unbiased reading of the record that there can be no question as to the findings and verdicts returned by the jury. The record reflects the findings returned were in accordance with the procedure and rule enunciated in Harrison v. State, *supra*. This defendant has received a full and fair trial as guaranteed by both the Federal and State constitu-

tions. The jury finding that this defendant is and had become an habitual criminal is supported by the evidence and law in this record. The very reason for the passage by the Legislature of the habitual criminal statutes is borne out by the past depredations of this defendant. We, therefore, hold that, finding no reversible error in this record, the judgment of the trial court is affirmed.

We commend court-appointed counsel's efforts on behalf of the defendant.

OLIVER and RUSSELL, JJ., concur.