# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## COREY ADAMS KENNERLY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13812      Jim T. Hamilton, Judge**

---

**No. M2006-00813-CCA-R3-HC - Filed December 21, 2006**

---

This matter is before the Court upon the State's motion to affirm the judgment of the habeas corpus court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner has appealed the habeas corpus court's order dismissing the petition for writ of habeas corpus. Upon a review of the record in this case, we are persuaded that the habeas corpus court was correct in dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rule of the Criminal Court of Appeals**

Robert W. Wedemeyer, J., delivered the opinion of the court, in which David H. Welles and Jerry L. Smith, JJ., joined.

Corey Adams Kennerly, Clifton, Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Mike Bottoms, District Attorney General; P. Robin Dixon, Jr., Assistant District Attorney General; for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was charged with felony murder, aggravated rape, and especially aggravated robbery. He pled guilty to felony murder and especially aggravated robbery, and the aggravated rape charge was dismissed. The trial court imposed a life sentence for the felony murder charge and twenty years for the aggravated robbery charge, to be served concurrently. The Petitioner then filed a post-conviction relief petition, which was dismissed by the trial court. On appeal, that judgment was affirmed. See Corey Adams Kennerly v. State, No. 01C01-9806-CC-00252, 1999 WL 270357

(Tenn. Crim. App., at Nashville, Apr. 29, 1999), *perm. to app. denied* (Tenn. Sept. 20, 1999). The Petitioner then filed a petition for writ of habeas corpus alleging that his conviction for especially aggravated robbery was void because the indictment, guilty plea form, and the trial court judgment lacked the signature of the trial court clerk. Additionally, he alleged the indictment did not run in the name of the State of Tennessee. The trial court dismissed that petition, and this Court affirmed that judgment. See Corey A. Kennerly v. Myers, No. M2003-02270-CCA-R3-HC, 2004 WL 508496 (Tenn. Crim. App., at Nashville, Mar. 16, 2004), *perm. to app. denied* (Tenn. Aug. 30, 2004). Then, on July 21, 2005, the Petitioner filed a second petition for writ of habeas corpus alleging that the indictment for felony murder was void because it failed to state an offense. The State filed a motion to dismiss, asserting that the indictment complied with the statutory requirements. Thus, the State argued, the Petitioner did not establish either a void judgment or an expired sentence. Finding the State's motion well taken, the trial court summarily denied the petition.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The burden is on the Petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-91 (Tenn. 1964). A "habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing" if the petition does not allege facts showing the Petitioner is entitled to relief. State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636 (Tenn. 1967) (citing State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964)).

On appeal, the Petitioner somewhat modifies his claim. Now, the Petitioner argues his conviction for felony murder is void because the felony upon which it was based (the aggravated rape) was retired pursuant to the plea agreement. Essentially, the Petitioner is claiming that the indictment was void because it should have specified the facts to support a "knowing" killing because there could be no "reckless" killing once the underlying felony was dismissed. This claim is completely without merit. The Petitioner does not present any legal authority to support his conclusion that this would result in a void judgment. Additionally, because the Petitioner did not raise this issue with the trial court, it has been waived.

Any claim from his original petition alleging the indictment failed to meet the statutory requirements is also without merit. The indictment was proper pursuant to Tenn. Code Ann. § 40-13-202 *et seq*. The Legislature does not require the specific *mens rea* to be contained in the indictment, and, therefore, the indictment is not required to state it. Tipton v. State, 28 S.W.2d 635 (Tenn. 1930).

This Court has stated, "If the court rendering a judgment has jurisdiction of the person, the subject matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The trial court correctly found that the Petitioner proved nothing which would make his judgment void.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the Petitioner has not established that he is entitled to habeas corpus relief based on a void judgment. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance to Rule 20, Rule of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE