# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| CLIFFORD L. TAYLOR, | ) |
| | ) |
| Petitioner, | ) C. C. A. NO. 02C01-9703-CC-00098 |
| | ) |
| vs. | ) LAUDERDALE COUNTY |
| | ) |
| STATE OF TENNESSEE, | ) No. 4885 |
| | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on March 7, 1997, and the petitioner filed his brief on April 4, 1997. The petitioner is currently serving a life sentence, having been found to be a habitual criminal, pursuant to T.C.A. § 39-1-806 (repealed 1989), in 1980. The petitioner contends that the enhanced punishment provided by this statute violates the doctrine of collateral estoppel under the double jeopardy clause of the federal and state constitutions.

Having reviewed the state's motion in light of the petitioner's brief and response, and the record as a whole, we conclude that the motion is well-taken and should be granted. In denying the petition, the trial court found that the petitioner had failed to show "upon the face of the judgment or the record that the proceedings upon which the judgment [was] rendered that [the] convicting court was without jurisdiction or authority to sentence [the petitioner] or that [the petitioner's] sentence of imprisonment or other restraint has expired." See State v. Archer, 851 S.W.2d 157 (Tenn. 1993).

We agree with the trial court's ruling. The convicting court in this case

had jurisdiction over both the subject matter and person, and nothing in the record before us demonstrates that the convicting court's actions were unauthorized. Nor has the petitioner shown that his sentence has expired. Accordingly, even if the petitioner's claim has merit, such claim renders the judgment voidable, not void, and it may not be collaterally attacked in a suit for habeas corpus relief. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, this state's habitual criminal act has been declared to be constitutional in several cases involving this very issue. See e.g. Pearson v. State, 521 S.W.2d 225 (Tenn. 1975); Morelock v. State, 454 S.W.2d 189 (Tenn. Crim. App. 1970). The court below therefore correctly denied the petitioner the requested habeas corpus relief.

Accordingly, having reviewed the entire record in light of the petitioner's claims, we cannot find any error committed by the trial court in denying the petition. It is therefore ORDERED that the state's motion is granted. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's denial of the petitioner's petition for writ of habeas corpus. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of May, 1997.

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE