IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2016


## PAUL WILLIAMS EL v. SHERIFF ANDY DICKSON, CARROLL COUNTY

Appeal from the Circuit Court for Carroll County
No. 13CR158     Charles C. McGinley, Judge

_____

No. W2015-01614-CCA-R3-HC  -  Filed March 30, 2016
_____


The Petitioner, Paul Williams el, filed a Petition for Writ of Habeas Corpus Relief, challenging his conviction for a second or subsequent offense of driving on a cancelled, suspended, or revoked license.  The habeas court summarily dismissed the Petition.  On appeal, we conclude that the Petition failed to meet the procedural requirements of Tennessee Code Annotated section 29-21-107.  Additionally, the Petitioner's claim is based on a complete misreading of Tennessee Code Annotated section 55-50-504 and is without merit.  The judgment of the habeas court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Paul Williams el, Huntingdon, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Matthew Stowe, District Attorney General, for the appellee, State of Tennessee.


### OPINION

### I. Factual and Procedural Background

The Carroll County Grand Jury indicted the Petitioner with one count each of a second or subsequent offense of driving on a cancelled, suspended, or revoked license (Count 1); failure to show registration (Count 2); failure to show proof of insurance

(Count 3); and failure to properly use child restraints (Count 4). A nolle prosequi was entered as to Counts 3 and 4 prior to trial. State v. Paul Williams a/k/a Paul Williams El, No. W2014-00231-CCA-R3-CD, 2015 WL 1593725, at *1 (Tenn. Crim. App. Apr. 7, 2015), perm. app. denied (Tenn. July 29, 2015). The Petitioner was ultimately convicted as charged in Counts 1 and 2, and this court affirmed his convictions on appeal. Id. at *1, *3.

The Petitioner then filed a Petition for Writ of Habeas Corpus ("the Petition") alleging that the trial court lacked subject matter jurisdiction to hear the Petitioner's case. The entire text of the Petition reads:

> Petitioner Paul Williams el petitions the Carroll County Circuit Court for a writ of [h]abeas [c]orpus and bring [sic] forth the body of Paul Williams el to challenge the lawfulness of the Judgments of T.C.A. [§] 55-50-504 with priors; a class A misdemeanor; punishment of confinement of 11 months and 29 days:
>
> 1. Petitioner has reason to believe that the trial court was without jurisdiction over the charge [sic] offense.
>
> 2. Petitioner also request [sic] to be released on the cash bond secured in good faith until the matter has been resolved.
>
> Attached are the Judgment and an Affidavit.

The attached "Affidavit" is signed by the Petitioner, but the document is not notarized. Instead, it is signed by three witnesses; two of the witnesses' signatures are illegible, and the third signature appears to read "Alexa Williams el." The witnesses are not otherwise identified in the document. In lieu of a notary seal, the Petitioner quotes Second Corinthians. The record does not contain the State's response to the Petition.

The habeas court summarily dismissed the Petition, finding that the record did not suggest that the trial court lacked jurisdiction over the Petitioner's charges. This timely appeal followed.

## II. Analysis

The Petitioner's brief on appeal is unclear, but he appears to argue that, in order to be convicted of a second or subsequent offense of driving on a cancelled, suspended, or revoked license under Tennessee Code Annotated section 55-50-504(a)(2), the prior offense had to be a conviction for vehicular assault, vehicular homicide, or driving while intoxicated. Therefore, the Petitioner contends, the indictment had to specifically allege that the Petitioner had previously violated Tennessee Code Annotated sections 39-13-

- 2 -

106, 39-13-213, or 55-10-401 in order to be valid, and that because the indictment did not contain such factual allegations, it was insufficient to give the trial court subject matter jurisdiction in his case. The State argues that that the habeas court properly denied relief because the Petition was procedurally deficient and because the Petitioner's claim was meritless. We agree with the State.

Tennessee Code Annotated section 29-21-107 sets forth the mandatory statutory procedural requirements for petitions for habeas corpus relief, stating:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"These procedural requirements 'are mandatory and must be followed scrupulously.'" Summers v. State, 212 S.W.3d 251, 259 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993)). The habeas court may summarily dismiss a petition for failure to comply with the statutory procedural requirements. Id. at 260.

Further, habeas corpus relief may only be granted in limited circumstances. Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). Rather, "[h]abeas corpus relief is available in Tennessee only when 'it appears upon the face of the

- 3 -

judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (quoting State v. Galloway, 45 Tenn. (5 Cold.) 362, 336-37 (1868)). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. Edwards, 269 S.W.3d at 919.

Because a valid indictment is a jurisdictional element of a conviction, "an indictment that is so defective as to fail to vest jurisdiction in the trial court" may be challenged pursuant to writ of habeas corpus. Wyatt v. State, 24 S.W.3d 319, 323 (Tenn. 2000). Our supreme court has held that the indictment must "contain a complete description of such facts and circumstances as will constitute the crime." Tipton v. State, 28 S.W.2d 635, 636 (Tenn. 1930). Generally, "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Specific reference to the statute defining the offense may be sufficient to place a defendant on notice of the offense with which he is charged. Ruff v. State, 978 S.W.2d 95, 97 (Tenn. 1998).

First, the Petition in this case did not satisfy the procedural requirements of Tennessee Code Annotated section 29-21-107. The Petition failed to state that the legality of the restraint had not previously been adjudged in a prior proceeding or whether this was the Petitioner's first or subsequent application for a writ of habeas corpus. Tenn. Code Ann. § 29-21-107(b)(3)-(4). Further, the "Affidavit" attached to the Petition was not notarized and therefore was not sufficient to satisfy the requirements of Tennessee Code Annotated section 29-21-107(a). See Mack Transou v. State, No. W2008-02713-CCA-R3-HC, 2009 WL 1956826, at *2 (Tenn. Crim. App. July 9, 2009), perm. app. denied (Tenn. Oct. 26, 2009). In his reply brief, the Petitioner asks us to excuse this deficiency because he is a pro se litigant. Pro se litigants are permitted "a certain amount of leeway in drafting their pleadings and briefs." Young v. Barrow, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). However, "the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." Id. The habeas court's summary dismissal of the Petition in this case was proper because the Petition failed to comply with the applicable procedural requirements.

Moreover, the Petitioner's claim is without merit because it is based on a complete misreading of Tennessee Code Annotated section 55-50-504. He asserts that, in order to be convicted of a second or subsequent offense of driving on a cancelled, suspended, or revoked license, he first had to have a prior conviction of vehicular assault, vehicular

homicide, or driving while intoxicated. Under the statute, a person who drives a motor vehicle when that person's driver's license is cancelled, suspended, or revoked commits a Class B misdemeanor. Tenn. Code Ann. § 55-50-504(a)(1). "A second or subsequent violation of subdivision (a)(1) is a Class A misdemeanor." Tenn. Code Ann. § 55-50-504(a)(2). A prior conviction of vehicular assault, vehicular homicide, or driving while intoxicated is only relevant to determine the punishment for driving while license is cancelled, suspended, or revoked. If the defendant's license was cancelled, suspended, or revoked due to a prior conviction of vehicular assault, vehicular homicide, or driving while intoxicated, the defendant's first violation of Tennessee Code Annotated section 55-50-504 carries a mandatory minimum period of incarceration of not less than two days but not more than six months and a maximum fine of $1,000. Tenn. Code Ann. § 55-50-504(a)(1). The defendant's second or subsequent violation of driving while license is cancelled, suspended, or revoked because of a conviction of vehicular assault, vehicular homicide, and driving while intoxicated, carries a mandatory minimum period of incarceration of not less than forty-five days but not more than one year and a maximum fine of $3,000. Tenn. Code Ann. § 55-50-504(a)(2).

The indictment for Count 1 states:

The Grand Jurors of the State of Tennessee, duly elected, impaneled, sworn and charged to inquire in and for the body of the County of CARROLL, in the State aforesaid, upon their oath present:

That PAUL WILLIAMS a/k/a PAUL WILLIAMS EL, heretofore, to-wit: On or about MAY 13, 2013, before the finding of this indictment, in the County aforesaid, then and there did knowingly or intentionally drive or operate an automobile or other motor driven vehicle along, over and upon a public street, to-wit: 364 BYPASS, HUNTINGDON, TENNESSEE, while HIS privilege to drive was suspended by the State of Tennessee, thereby committing the offense of DRIVING WHILE LICENSE WAS CANCELLED, SUSPENDED OR REVOKED, in violation of T.C.A. § 55-50-504, against the peace and dignity of the State of Tennessee.

**PRIOR CONVICTIONS:**

1. September 30, 2009; Carroll County Circuit Court Case No. 09CR162

2. February 3, 2010; Carroll County Circuit Court Case No. 10CR33.

We conclude that the indictment provided "sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from

double jeopardy." <u>Hill</u>, 954 S.W.2d at 727. The Petitioner's habeas corpus claim that the indictment failed to vest subject matter jurisdiction with the trial court is without merit, and the habeas court's summary dismissal of the Petition in this case was proper.

### III. Conclusion

For the aforementioned reasons, the judgment of the habeas court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE