Gants, Ralph D., J.
The defendant, Paul Orman (“Orman”), is charged, among other indictments, with violating G.L.c. 269, §10(m), which charges him with being unlawfully in possession of a large capacity firearm. In anticipation of a lobby conference, counsel has asked this Court for a ruling of law as to whether that statute provides for a minimum mandatoiy sentence for someone, like the defendant, without a valid Firearm Identification card (“FID card”), and, if so, the length of that minimum mandatoiy sentence. After hearing today, this Court finds as a matter of law that, for someone without a valid FID card, the minimum sentence that may be imposed for a violation of G.L.c. 269, §10(m) is a sentence of one year to 2 1/2 years in state prison.
DISCUSSION
G.L.c. 269, §10(m) reads in pertinent part as follows:
Notwithstanding the provisions of paragraph (a) or (h), any person not exempted by statute who knowingly has in his possession, or knowingly has under his control in a vehicle, a large capacity weapon or large capacity feeding device therefor who does not possess a valid Class A or Class B license to cany firearms issued under section 131orl31Fof chapter 140, except as permitted or otherwise provided under this section or chapter 140, shall be punished by imprisonment in a state prison for not less than two and one-half years nor more than ten years. The possession of a valid firearm identification card issued under section 129B shall not be a defense for a violation of this subsection; provided, however, that any such person charged with violating this paragraph and holding a valid firearm identification card shall not be subject to any mandatory minimum sentence imposed by this paragraph. The sentence imposed upon such person shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served such minimum term of such sentence; provided, however, that the commissioner of correction may, on the recommendation of the warden, superintendent or other person in charge of a correctional institution or the administrator of a county correctional institution, grant to such offender a temporary release in the custody of an officer of such institution for the following purposes only: (i) to attend the funeral of a spouse or next of kin; (ii) to visit a critically ill close relative or spouse; or (iii) to obtain emergency medical services unavailable at such institution. Prosecutions commenced under this subsection shall neither be continued without a finding nor placed on file. The provisions of section 87 of chapter 276 relative to the power of the court to place certain offenders on probation shall not apply to any person 17 years of age or over charged with a violation of this section.
If one read only the first two sentences of this statute, the legislative mandate would appear clear— defendants convicted of violating this statute faced a minimum mandatoiy sentence of 2 1/2 years in state prison unless they held a valid FID card, which would exempt them from being subject to any mandatoiy minimum sentence imposed in this paragraph of the statute. The legislative mandate, however, is muddled by the third sentence (before the semi-colon) which provides:
The sentence imposed upon such person shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served such minimum term of such sentence;
G.L.c. 269, §10(m). By its terms, this provision indicates that the minimum mandatoiy sentence is one year, not 2 1/2 years, and this sentence may not be suspended. For a court that seeks to give meaning to each provision enacted by a legislature, this third provision invites the question: how can a sentence “not less” than 2 1/2 years “be reduced” to one year?
This Court is aware of only one court that has confronted this question and it was the Massachusetts Appeals Court in Commonwealth v. Miller, No. O0-P1943, 2002 WL 1358483 (June 21, 2002). Miller, however, is an unpublished decision, and therefore does not constitute controlling authority. Horner v. Boston Edison Co., 45 Mass.App.Ct. 139, 140-41 (1998). While an unpublished Appeals Court decision is not controlling precedent, there is nothing that bars this Court from examining the reasoning of that decision to determine whether it is persuasive. Unfortunately, the reasoning in Miller is not at all persuasive.
*639 In Miller, the three-judge appellate panel considered a sentence imposed under G.L.c. 269, §10(m) against a defendant without a valid FID card by a Superior Court judge who stated that she would be inclined to impose a sentence of less than 2 1/2 years for this offense but concluded that she was bound by what she understood to be the 2 1 /2-year minimum mandatory in Section 10(m) and therefore imposed a sentence of 2 1/2 years to 2 1/2 years and a day in state prison. Miller at * 1. The Miller Court disposed of the apparent conflict between the first and third sentence of the statute by declaring, “We see no inconsistency.” Id. The Court found no inconsistency because it found that the phrase “such person” in the third sentence referred to a person who held a valid FID card. Id. at n. 3. The fatal flaw with this interpretation is that it is entirely inconsistent with the second sentence, which specifically declares that those holding a valid FID card “shall not be subject to any mandatory minimum sentence imposed by this paragraph.” G.L.c. 269, §10(m). According to the Miller Court, even though, under the second sentence of G.L.c. 269, §10(m), a defendant with a valid FID card “shall not be subject to any mandatory minimum sentence imposed by this paragraph,” the sentence of a defendant with a valid FID card nonetheless “may not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served such minimum term of such sentence.” G.L.c. 269, §10(m). This one-year minimum sentence, which cannot be suspended and may not even be reduced for good time, is a minimum mandatory sentence, which is precisely what a defendant with a valid FID card “shall not be subject to” under G.L.c. 269, §10(m).This Court does not believe that the legislature intended to prohibit mandatory minimum sentences for those with valid FID cards in the second provision of G.L.c. 269, §10(m), and then declare a mandatory minimum sentence for them in the third provision of G.L.c. 269, §10(m). Consequently, this Court respectfully disagrees with the Miller Court that “such persons” refers to persons with valid FID cards found guilty of violating G.L.c. 269, §10(m); rather, this Court believes that “such persons” refers to all persons found guilty of violating G.L.c. 269, §10(m).
The apparent contradiction between the first and third provision of G.L.c. 269, §10(m) cannot be harmonized by the possibility of a split sentence — that is, a minimum sentence of 2 1/2 years in state prison, with one year to serve and the balance suspended— because G.L.c. 269, §10(m) was enacted in 1998, after the Truth in Sentencing legislation was enacted in 1993 which barred split sentences for state prison sentences. See G.L.c. 127, §133 (“Sentences of imprisonment in the state prison shall not be suspended in whole or in part”).
To harmonize the first and third provision of G.L.c. 269, §10(m), a court must respect both the third provision’s requirement that no sentence be imposed which is less than one year to serve in state prison and the first sentence’s requirement that the sentence imposed be not less than 2 1/2 years in state prison. Under G.L.c. 279, §24, which was enacted in 1993 and was therefore in effect before G.L.c. 269, §10(m) was passed in 1998, a court imposing a state prison term must impose both a minimum and a maximum term, and the minimum term may not be less than one year. G.L.c. 279, §24. Therefore, this Court finds that the interpretation which best harmonizes the first and third sentence of G.L.c. 269, §10(m) is that the minimum sentence to be imposed for a violation of this statute by someone without an FID card is a state prison sentence of not less than one year and not more than 2 1/2 years. This interpretation preserves the mandate that the sentence ensure that at least one year in state prison shall be served, as well as the mandate that the sentence provide for not less than 2 1/2 years in state prison. While this interpretation is inherently imperfect because of the confusing language used in the statute, it best respects both the apparent intent of the legislature and the rule of lenity that must be applied in interpreting ambiguous sentencing provisions. See Commonwealth v. Pagan, 445 Mass. 161, 167 (2005) (“It is a well-established proposition that criminal statutes are to be construed narrowly. We have stated that ‘[w]e must resolve in favor of criminal defendants any reasonable doubt as to [a] statute’s meaning.’ ”), quoting Commonwealth v. Kerr, 409 Mass. 284, 286 (1991), which quotes Commonwealth v. Connolly, 394 Mass. 169, 174 (1985).