## Commonwealth vs. Jose Pagan.

Middlesex. April 6, 2005. - September 14, 2005.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Practice, Criminal,* Parole, Sentence. *Habitual Offender. Statute,* Construction. *Constitutional Law,* Sentence, Vagueness of statute. *Due Process of Law,* Sentence, Vagueness of statute.

Discussion of the legal framework governing the imposition on a convicted sex offender of a term of community parole supervision for life. [164-167]

This court concluded that a term of community parole supervision for life may be imposed lawfully on a repeat sex offender so long as the indictment alleges that he or she is a repeat offender, as required by art. 12 of the Massachusetts Declaration of Rights. [167-170]

This court concluded that G. L. c. 275, § 18, which determines the appropriateness of the imposition of a term of community parole supervision for life (CPSL) on first-time sex offenders, is unconstitutionally vague because it provides uncertain and conflicting standards that fail to inform defendants, prosecutors, and judges what is required before CPSL may be imposed. [170-173]

A criminal defendant who was not indicted as a repeat sex offender could not receive a sentence including a term of community parole supervision for life (CPSL) on that basis; moreover, although the defendant was convicted of an offense for which CPSL was permissible, he could not be sentenced to such a term where the procedural mechanism for its imposition was constitutionally infirm: accordingly, this court vacated the defendant's sentence and remanded the matter to the Superior Court for resentencing. [174]

Indictments found and returned in the Superior Court Department on November 15, 2000.

The case was tried before *S. Jane Haggerty,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Matthew V. Soares* for the defendant.

*Heather E. Hall,* Assistant District Attorney (*Kate Berrigan MacDougall,* Assistant District Attorney, with her) for the Commonwealth.

SPINA, J. The defendant appealed from the imposition of a term of community parole supervision for life (CPSL) under G. L. c. 265, § 45, and G. L. c. 275, § 18. We transferred the case to this court on our own motion. Specifically, he claims that (1) sentencing him as a repeat offender without indicting him as such is a violation of art. 12 of the Massachusetts Declaration of Rights; (2) G. L. c. 275, § 18, is unconstitutionally vague; and (3) G. L. c. 275, § 18, is unconstitutional under *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000).[1] For the reasons discussed below, we hold that a term of CPSL may be imposed lawfully on a repeat offender so long as the indictment or complaint alleges that he is a repeat offender, as required by art. 12. We further hold that G. L. c. 275, § 18, is unconstitutionally vague as to first time sex offenders because it provides uncertain and conflicting standards that fail to inform defendants, prosecutors, and judges what is required before CPSL may be imposed. In particular the statute identifies a standard of proof (clear and convincing evidence) but it contains contradictory language as to whether it is the Commonwealth or the defendant who must meet that standard, concurrently providing that *the imposition* of CPSL must be supported "by clear and convincing evidence" and that *a determination not to impose* CPSL must also be "supported by clear and convincing evidence." The statute also makes the imposition of CPSL dependent on a fact-finding process, but fails to identify what facts must be found, providing only that the judge must determine whether a defendant shall be committed to CPSL. To the extent that some of the language in the statute suggests that a judge has broad discretion to impose CPSL by applying traditional sentencing factors, it subjects that discretion to a fact-finding process that is inconsistent with that discretion. Moreover, insofar as § 18 is intended to make CPSL dependent on judicial fact finding (as opposed to the exercise of a judge's traditional sentencing discretion), it appears to violate the principle enunciated by the United States Supreme Court in *Blakely* v. *Washington*, 542 U.S. 296 (2004), and *Apprendi* v. *New Jersey*, 530 U.S. 466

---

[1]The defendant also claims his counsel was ineffective. Because we dispose of this case on other grounds, we need not address this claim.

(2000), cases that changed the constitutional requirements for enhanced penalty sentencing after CPSL was enacted.

1. *Background.* The defendant was tried on two indictments charging rape of a child under sixteen years arising from a single incident. Neither indictment specified that he was being charged as a repeat offender. At trial, after the close of the defendant's evidence, he moved for a required finding of not guilty. The judge granted the defendant's motion only as to the second indictment and only insomuch as it alleged penetration. The second count therefore was reduced to the lesser included offense of indecent assault and battery on a child under fourteen years. After deliberations, the jury found the defendant guilty on the first charge, but only of the lesser included offense of indecent assault and battery on a child under fourteen years, and not guilty on the second indictment.

On the day of the sentencing hearing, the Commonwealth filed a sentencing memorandum, recommending a term of imprisonment to from eight to ten years. The memorandum further stated that "it is the Commonwealth's position that the defendant must be placed on Community Parole for Life, pursuant to [G. L. c. 265, § 45], once he has completed the committed portion of his sentence." The Commonwealth noted separately, when detailing the defendant's criminal history, that in 1980 he had been convicted of ten counts of indecent assault and battery on a child, for which he received a two-year committed sentence, as well as probation.

At the hearing, the Commonwealth reiterated that its "recommendation is an eight to ten with an additional recommendation or assertion that this is a mandatory life offense. And the [mittimus] should also reflect community [parole] for life." The Commonwealth procured a copy of the prior convictions of indecent assault and battery on a child, which appeared to indicate that all ten counts concerned a single victim. Although the Commonwealth tried to obtain further details from police reports, it was unsuccessful.

Defense counsel recommended a sentence in accordance with the proposed sentencing guidelines available for use in the Superior Court, which he calculated as being from three to four and one-half years' incarceration. Specifically, he recommended

a "three to three and a day sentence in terms of years in [S]tate prison." As to CPSL, defense counsel took the position that the judge "can consider this as a first offense since it's not charged as a subsequent offense, that the [judge] may impose lifetime community parole, but doesn't necessarily have to."

The judge stated that the defendant "is entitled to present evidence [and] cross-examine witnesses" under G. L. c. 275, § 18, which applies to first-time offenders. Defense counsel asserted that at such a hearing he would want to present evidence from experts as to the defendant's risk of reoffense, but conceded that the judge could choose whether to accept or reject that evidence. In light of the defendant's prior convictions, the judge then discussed potentially treating the defendant as a repeat offender, for whom CPSL is mandatory with no discretion or hearing.

No hearing occurred. Without further proceedings, the judge sentenced the defendant to a term of from six to eight years' incarceration on the indecent assault and battery conviction, and to CPSL under G. L. c. 265, § 45. She detailed three separate aggravating factors for this sentence, which was an upward departure from the proposed sentencing guidelines. It is unclear from the record whether she ultimately considered the defendant as a first-time or repeat offender under G. L. c. 265, § 45. The defendant appeals, arguing that the term of CPSL should be vacated because it was imposed in violation of his rights under the Massachusetts and United States Constitutions.

2. *Legal framework.* In 1999 the Legislature passed an emergency law, St. 1999, c. 74, formally entitled "An Act improving the sex offender registry and establishing civil commitment and community parole supervision for life for sex offenders." See *Commonwealth* v. *Renderos*, 440 Mass. 422, 428-434 (2003). The provisions relating to CPSL are the focus of the matter before us. See G. L. c. 127, § 133D, inserted by St. 1999, c. 74, § 9; G. L. c. 265, § 45, inserted by St. 1999, c. 74, § 9; G. L. c. 275, § 18, inserted by St. 1999, c. 74, § 14.

Sexual offenders susceptible to CPSL under these statutes fall into three groups based on the seriousness of the offense, and based on a defendant's prior conviction of certain sexual offenses. Although the statute itself does not utilize category

labels for these groups, for ease of discussion we refer to them as categories 1, 2 and 3, in the order in which they appear in G. L. c. 265, § 45.

Category 1 offenders are those who have been convicted of serious, although not the most severe, sexual offenses.[2] Conviction of any of these offenses does not require the imposition of lifetime parole. However, "the district attorney, upon motion to the court, may request a hearing after conviction and before sentencing, to determine whether or not such person shall be committed . . . to community parole supervision for life." G. L. c. 275, § 18, first par. The judge may not impose lifetime parole for category 1 offenders if no motion is filed by the district attorney. *Commonwealth* v. *Renderos, supra* at 433.

Category 2 offenders are those convicted of the most serious sexual offenses.[3] A convicted offender in this category "shall, except as provided for in [G. L. c. 275, § 18,] . . . receive a sentence of community parole supervision for life." G. L. c. 265, § 45. One of the exceptions is that the Commonwealth has discretion to preclude the imposition of CPSL. Under G. L. c. 275, § 18, fourth par., the district attorney "may file a motion with the sentencing judge requesting that the defendant not receive community parole supervision for life, and upon receipt of such motion, the sentencing judge shall not impose community parole supervision for life on such . . . offender." If no such motion is made, CPSL is a required component of the sentence for category 2 offenders unless the defendant, on mo-

---

[2]These offenses include indecent assault and battery on a child under fourteen years (G. L. c. 265, § 13B), indecent assault and battery on a mentally retarded person (G. L. § 13F, first par.), and indecent assault and battery on a person over fourteen years (G. L. c. 265, § 13H). The offenses for the attempt to violate these sections pursuant to G. L. c. 274, § 6, are not enumerated as susceptible to CPSL here, but they are in G. L. c. 275, § 18, first par. This inconsistency, although troubling, need not be resolved today for reasons discussed below.

[3]These offenses include rape (G. L. c. 265, § 22), rape of a child under sixteen years with force (G. L. c. 265, § 22A), rape and abuse of a child (G. L. c. 265, § 23), assault with intent to commit rape (G. L. c. 265, § 24), assault on a child under sixteen years with intent to commit rape (G. L. c. 265, § 24B), kidnaping a child under sixteen years (G. L. c. 265, § 26, fourth par.), drugging persons for sexual intercourse (G. L. c. 272, § 3), unnatural and lascivious acts with a child under sixteen years (G. L. c. 272, § 35A), and the offenses for the attempt to violate these sections (G. L. c. 274, § 6).

tion, makes a showing that "the elements of [his offense] are mitigated by certain circumstances." G. L. c. 275, § 18, first par. If the category 2 defendant is able to make this threshold showing, either by offering evidence or pointing to evidence that otherwise is before the court, then the defendant has a right to the same hearing as a category 1 offender.

For both category 1 and 2 hearings, the defendant, represented by counsel, "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing and to present information." G. L. c. 275, § 18, second par. The rules of evidence do not apply to the hearing or the judge's determination. G. L. c. 275, § 18, second par. "In making a determination the judge shall, on the basis of any information which he can reasonably obtain, consider any mitigating or aggravating circumstances including, but not limited to, the defendant's character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted." G. L. c. 275, § 18, third par.

The statute is ambiguous as to what (if anything) must be proved in order to impose CPSL and who bears the burden of proof at these hearings. General Laws c. 275, § 18, second par., provides: "A finding by the court that such person shall be committed to community parole supervision for life shall be supported by clear and convincing evidence." While use of the standard of proof "by clear and convincing evidence" would suggest that some fact or facts must be proved to at least the level of that standard, the statute does not specify what fact or facts must be found. Paragraph three, seemingly in contradiction, provides that, "[i]f the judge finds, by clear and convincing evidence, that no reasons for community [parole] supervision for life . . . exist, the judge shall not impose community parole supervision for life on such first offender." This apparent contradiction is discussed below.

Category 3 offenders are those convicted of a sexual offense enumerated as a category 1 or 2 offense, "after one or more prior convictions of indecent assault and battery, rape, assault with intent to commit rape, unnatural and lascivious acts, drugging for sex, kidnap or of any offense which is the same as

or necessarily includes the same elements of said offense."
G. L. c. 265, § 45. The predicate and subsequent offense need
not be the same. "Any person convicted of violating [the
enumerated offenses], after one or more prior convictions of
[the enumerated offenses] shall . . . be punished by a term of
community parole supervision for life" with no exceptions. *Id.*
No motion from either the Commonwealth or defense counsel
is contemplated for category 3 offenders and G. L. c. 275, § 18,
does not apply. Although the statute does not explicitly require
the complaint or indictment to allege a defendant is a repeat of-
fender in order to treat him at sentencing as a category 3 of-
fender, whether such notice is required is one of the questions
before us today.

In interpreting this legislation, we follow basic tenets of
statutory construction. "It is a well-established proposition that
criminal statutes are to be construed narrowly. We have stated
that '[w]e must resolve in favor of criminal defendants any
reasonable doubt as to [a] statute's meaning.' " *Commonwealth*
v. *Kerr*, 409 Mass. 284, 286 (1991), quoting *Commonwealth* v.
*Connolly*, 394 Mass. 169, 174 (1985). "When a statute does not
define its words we give them their usual and accepted mean-
ings, as long as these meanings are consistent with the statutory
purpose. . . . We derive the words' usual and accepted mean-
ing from sources presumably known to the statute's enactors,
such as their use in other legal contexts and dictionary
definitions." *Commonwealth* v. *Campbell*, 415 Mass. 697, 700
(1993), quoting *Commonwealth* v. *Zone Book, Inc.*, 372 Mass.
366, 369 (1977).

3. *Application.* a. *Sentencing as repeat offender.* The
defendant was charged in two indictments with rape of a child
under sixteen years, a category 2 offense under G. L. c. 265,
§ 45. Because § 45 does not require the current and predicate
offense to be the same, the Commonwealth, in indicting him,
could have alleged one or more of the ten 1980 convictions of
indecent assault and battery on a child as predicate offenses.
Nonetheless, neither indictment mentioned the prior convictions
nor specified that he was being charged as a repeat offender.

The defendant ultimately was convicted of indecent assault
and battery on a child under fourteen years, a category 1 offense.

At sentencing, the Commonwealth took the position that the defendant was a repeat offender under category 3, subject to mandatory CPSL. The defendant claims his sentence to CPSL, if it were imposed as mandatory on this basis, violates art. 12 because his prior convictions were not alleged in the indictment.

The Commonwealth argues that indicting the defendant as a repeat offender was not necessary, as CPSL is an available punishment for all G. L. c. 265, § 45, offenders, regardless whether they committed a category 1, 2, or 3 offense. It claims that because the imposition of CPSL is not beyond the statutory maximum for the crime for which the defendant was indicted, his repeat offender status did not subject him to any enhanced penalty. Further, the Commonwealth asserts that because CPSL represents a term of parole, not incarceration, the defendant in fact would serve no extra time at all unless he chooses to violate the ultimate terms of his release, and, if he does violate his parole, he will not be incarcerated without due process. Therefore, the Commonwealth concludes that indictment as a repeat offender was unnecessary.

Whether those sentenced as repeat offenders under G. L. c. 265, § 45, must be indicted as such is a matter of first impression for this court. The statute does not require explicitness in the complaint or indictment, but that is not determinative.

Article 12 provides that "[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him . . . ." We have made clear that parole is a form of punishment. *Massachusetts Parole Bd.* v. *Brusgulis*, 403 Mass. 1010, 1011 (1989). Specifically, CPSL is intended to serve, in part, "as an enhanced penalty for sex offenders." *Commonwealth* v. *Renderos*, 440 Mass. 422, 429 (2003). The defendant initially was indicted for rape of a child, which requires the imposition of CPSL absent proof of mitigating circumstances or a motion from the Commonwealth. This differs from an indictment as a category 3 (i.e., repeat) offender for whom CPSL is an automatic mandatory minimum sentence, without opportunity for the defendant to present mitigating evidence.

Modern cases no longer treat prior convictions used to enhance penalties as an element of the underlying crime.

Compare *Walsh* v. *Commonwealth,* 224 Mass. 39, 40 (1916), with *Commonwealth* v. *Murphy,* 389 Mass. 316, 321 (1983). Rather, this court has held that a repeat offender statute "concerns solely the sentence of a person convicted of a [current] violation . . . who has previously been convicted of [another enumerated violation]. The prior offense is not an element of the crime for which a defendant is charged but concerns the punishment to be imposed if he is convicted . . . and the prior offense is proved." (Footnote omitted.) *Bynum* v. *Commonwealth,* 429 Mass. 705, 708-709 (1999).

That prior convictions are no longer treated as elements, however, is irrelevant to the requirement under art. 12 that, when used to enhance a penalty, prior convictions must be alleged in the complaint or indictment and proved. If a defendant is made susceptible to a prescribed statutorily enhanced penalty because of a former conviction, the predicate offense must be alleged in the complaint or indictment. See *Commonwealth* v. *Murphy, supra* at 320-321; *Commonwealth* v. *Harrington,* 130 Mass. 35, 36 (1880). See also G. L. c. 278, § 11A (procedures governing arraignment, plea, and trial when complaint or indictment alleges second or subsequent offense).

We are aware that at least one interpretation of the *Harrington* principle has restricted it to situations where the sentence as a repeat offender exceeded the statutory maximum possible for a first offender. See *Commonwealth* v. *Baldwin,* 24 Mass. App. Ct. 200, 205 (1987); *Walsh* v. *Commonwealth, supra; Commonwealth* v. *Harrington, supra* at 36; *Garvey* v. *Commonwealth,* 8 Gray 382 (1857), citing *Tuttle* v. *Commonwealth,* 2 Gray 505 (1854). That is not precisely accurate.

A conviction as a repeat offender that imposes a mandatory minimum sentence not provided for a first offense, or a greater mandatory minimum, also enhances a defendant's penalty and therefore also implicates *Commonwealth* v. *Harrington, supra,* and art. 12. "The allegation in the complaint of prior conviction of the same offence, entailing . . . a more severe sentence in the event of conviction than is *required* for a first offence, made the former conviction a part of the essential description and character of the offence charged" (emphasis added). *Commonwealth* v. *Fortier,* 258 Mass. 98, 100 (1927), citing *Com-*

*monwealth* v. *Harrington, supra* at 35. For example, the habitual offender statute, G. L. c. 279, § 25, does not increase the maximum penalty based on the defendant's prior criminal record, but makes that maximum penalty a mandatory sentence. Notwithstanding the fact that the habitual offender statute does not increase the maximum penalty to which the defendant may be sentenced, the defendant is indicted as a habitual offender when the Commonwealth seeks to impose the maximum penalty pursuant to G. L. c. 279, § 25. See, e.g., *Commonwealth* v. *Keane*, 41 Mass. App. Ct. 656, 660 (1996). To the extent *Commonwealth* v. *Baldwin, supra,* can be read as excusing indictment as a repeat offender when the predicate convictions expose the defendant to a higher mandatory minimum sentence, but the same maximum, it is overruled. In contrast, if a defendant's status as a repeat offender does not change either end of the range of penalty that may be imposed, but rather is considered merely as a factor for the sentencing judge in selecting a sentence within the range, then explicit indictment as a repeat offender is unnecessary.

We conclude that art. 12 requires explicit indictment of (or complaint against) a defendant as a repeat offender, and that a defendant be convicted as such, before he is subject to mandatory CPSL as a category 3 offender under G. L. c. 265, § 45. Although the range of potential penalty for offenders in all three categories is the same (i.e., CPSL), the mandatory nature of CPSL for repeat offenders requires explicit indictment for those the Commonwealth seeks to treat as repeat offenders. For anyone not indicted or charged as a repeat offender, CPSL may only be imposed using the standards and procedural protections provided by G. L. c. 275, § 18.

b. *Constitutionality.* The defendant first claims G. L. c. 275, § 18, by which the appropriateness of CPSL is determined for first offenders, is unconstitutionally vague. He asserts that it contains two contradictory burdens of proof and it lacks any clear or sufficient standards as to what factors are to be considered in that determination. The Commonwealth argues that it is the category of crime for which the defendant is convicted that determines which party has the burden of proof, and that in making that assessment of the appropriateness of

CPSL, the statute clearly directs judges to consider traditional sentencing factors.

"It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.' " *United States* v. *Batchelder*, 442 U.S. 114, 123 (1979), quoting *Lanzetta* v. *New Jersey*, 306 U.S. 451, 453 (1939). See *Commonwealth* v. *Freiberg*, 405 Mass. 282, 288-289, cert. denied, 493 U.S. 940 (1989). This principle applies to sentencing provisions of penal statutes. *United States* v. *Batchelder, supra. United States* v. *Evans*, 333 U.S. 483 (1948).

In *Commonwealth* v. *Renderos*, 440 Mass. 422, 432 & n.10 (2003), we noted but did not address "the ambiguity inherent in the concurrent requirement[s]" of G. L. c. 275, § 18, that, on the one hand, a determination by a judge to impose CPSL must be "supported by clear and convincing evidence," and on the other hand, a determination by a judge not to impose CPSL also must be supported "by clear and convincing evidence." In addition, although the statute describes certain factors that a judge may consider in making the determination to impose (or not to impose) CPSL, the statute does not specify the fact or facts that must be proved by clear and convincing evidence. Finally, the statute is silent as to who bears the burden of proof.

Even if we apply the rule of lenity, see *Commonwealth* v. *Lupo*, 394 Mass. 644, 649 (1985), and place the burden of proof on the Commonwealth, the remaining ambiguities and inconsistencies in § 18 leave it hopelessly confusing and unconstitutionally vague as applied to category 1 and category 2 offenders. See *Commonwealth* v. *Gagnon*, 387 Mass. 567, *S.C.*, 387 Mass. 768 (1982), cert. denied, 461 U.S. 921 and 424 U.S. 815 (1983) (drug control statute that contained contradictory sentencing provisions held unconstitutionally vague). In the second paragraph, § 18 provides that the judge is not to impose CPSL unless the decision to do so is "supported by clear and convincing evidence." However, in the third paragraph, § 18 provides that a judge "shall not" impose CPSL where the judge finds by clear and convincing evidence "that no reasons for [CPSL] . . . exist." Not only are these two standards contradictory, but they leave a gap between the two extremes: What does the judge do

if there are some reasons (as opposed to "no reasons") for imposing CPSL, but the reasons that exist fail to justify CPSL "by clear and convincing evidence?"

Equally confusing is the statute's use of terminology and procedures suggesting that the imposition of CPSL must be based on some particular factual finding, while failing to indicate what findings of fact are necessary. The statute provides for an evidentiary hearing, to be followed by a "finding" to impose CPSL that is "supported by clear and convincing evidence," but the only "finding" that is to be made is the same as the ultimate sentencing decision: "that such person shall be committed to [CPSL]." G. L. c. 275, § 18, second par. Under one interpretation, the statute calls for factual findings, but fails to identify what must be found. Under an alternate interpretation, the statute suggests, *id.*, third par., that the judge will make a discretionary decision that CPSL is an appropriate component of a sentence based on traditional sentencing factors that the judge is to "consider" ("any mitigating or aggravating circumstances, including but not limited to, the defendant's character, propensities, criminal record, the nature and serious-ness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted"), but then subjects the exercise of that discretion to a requirement that it be supported by clear and convincing evidence, a standard that describes a burden of proof and is inconsistent with the broad discretion that a judge has with respect to the fashioning of a sentence within the range prescribed by statute.

If the statute is intended to require the finding of particular facts, the absence of any identified facts that must be found by clear and convincing evidence before CPSL may be imposed renders § 18 unconstitutionally vague as to category 1 and category 2 offenders. Or, if the statute is intended to leave CPSL to the sentencing judge's discretion based on the judge's consideration of ordinary sentencing factors, it fails to identify how and in what way the exercise of that discretion is neverthe-less constrained by the requirement that, in either direction, it be supported by "clear and convincing evidence." The concept of vagueness in the due process context is based in part on the

principle that a penal statute should provide comprehensible standards that limit prosecutorial and judicial discretion. See *Grayned* v. *Rockford*, 408 U.S. 104, 108-109 (1972); *Commonwealth* v. *Williams*, 395 Mass. 302, 304-305 (1985). Instead, § 18 provides only confused and conflicting standards that fail to inform defendants, prosecutors and judges precisely what it takes to impose CPSL on category 1 or category 2 offenders. As such, it is unconstitutionally vague as to those offenders.[4]

We need not address the defendant's further claim that § 18 is unconstitutional because it provides that a penalty beyond the maximum statutory penalty for an offense may be imposed based on judicial fact finding, without a determination of fact beyond a reasonable doubt by a jury. See *Blakely* v. *Washington*, 542 U.S. 296 (2004); *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000).[5] To the extent that § 18 is intended to make CPSL dependent on judicial fact finding (as opposed to the exercise of a judge's traditional sentencing discretion within a prescribed range), the statute would appear to run afoul of the *Blakely* and *Apprendi* decisions with respect to at least some offenses.[6] General Laws c. 275, § 18, was enacted in 1999, before the Court's *Blakely* and *Apprendi* decisions, and, at that time, the Legislature had no reason to anticipate that the Supreme Court would prohibit a judge from enhancing a criminal sentence beyond a statutory maximum penalty based on judicial fact finding of traditional sentencing factors. See, e.g., *Blakely* v. *Washington*, supra at 326 (O'Connor, J., dissenting) (as result of *Apprendi* and *Blakely* holdings, "[w]hat I have feared most has now come to pass: Over 20 years of sentencing reform are all but lost, and tens of thousands of criminal judgments are in jeopardy"); *Apprendi* v. *New Jersey*, supra at 524 (O'Connor, J., dissenting) (describing Court's opinion as "watershed change

---

[4]This discussion has no application to category 3 offenders, for whom CPSL is mandatory, and based on a prior conviction of certain sexual offenses.

[5]These cases have no application to category 3 offenders for whom CPSL is based solely on the fact of a prior conviction of certain sexual offenses, and who are entitled to notice and a jury's determination of that fact.

[6]We note that some category 2 offenses already carry a maximum penalty of imprisonment for life. Because the issue is not before us, we need not decide whether the imposition of CPSL would exceed that maximum penalty for purposes of an analysis under *Blakely* v. *Washington*, 542 U.S. 296 (2004), and *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000).

in constitutional law"). The Legislature presumably is now fully aware that a judge may not engage in fact finding that results in the imposition of a sentence exceeding that which could be imposed in the absence of such fact or facts, even if the facts found are traditional sentencing factors. If CPSL requires such judicial fact finding (as suggested but not made clear in the present version of § 18), it is appropriate to invite the Legislature to rewrite its statutory scheme in a manner that takes into consideration the Court's *Apprendi* and *Blakely* decisions.

4. *Conclusion.* The CPSL sentencing procedures under G. L. c. 275, § 18, for category 1 and category 2 offenders are unconstitutionally vague. The imposition of CPSL for category 3 (repeat) offenders does not violate constitutional principles of vagueness or offend the rule articulated in the *Apprendi* and *Blakely* cases. However, category 3 offenders must be charged or indicted as such, and the prior conviction is a fact to be determined by a jury beyond a reasonable doubt. See G. L. c. 278, § 11A.

The defendant was not indicted as a repeat offender, so he may not receive a sentence including CPSL on that basis. The defendant has been convicted of a category 1 offense, but as we have concluded that the procedural mechanism for imposition of CPSL on category 1 offenders is infirm constitutionally, we must vacate his sentence and remand his case for resentencing. Based on our conclusion regarding the defendant's constitutional arguments, we need not reach his claim regarding whether category 1 offender sentencing hearing procedures were followed properly or his claim of ineffective assistance of counsel.

Accordingly, the defendant's sentence is vacated and this matter is remanded to the Superior Court for resentencing consistent with this opinion.

*So ordered.*